IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EXPEDIA, INC., ET AL.,<br><br>　　　　　Defendants. | The Honorable Robert W. Schroeder, III<br><br>Civil Action No. 2:16-cv-0095-RWS |

**MOTION OF AMAZON CUSTOMER DEFENDANT AIRBNB, INC. TO STAY, OR IN THE ALTERNATIVE, TO CONSOLIDATE**

**I.   INTRODUCTION**

Defendant Airbnb, Inc. ("Airbnb") respectfully moves to stay all claims of Global Equity Management (SA) Pty. Ltd. ("GEMSA") asserted against it in this action pending the resolution of the first-filed direct action between Amazon and GEMSA in the Eastern District of Virginia, or in the alternative, Airbnb moves to reconsolidate this case into one omnibus consolidated case that includes the recently filed GEMSA cases against twenty other Amazon customers.

**II.   FACTS**

On February 25, 2016, GEMSA amended its complaint against Airbnb alleging that

> AIRBNB directly infringes [United States Patent Nos. 6,690,400 ("the '400 patent") and 7,356,677 ("the '677 patent") (collectively the "Patents-in-Suit")] by using the GUI for the administration and management of airbnb.com.  AIRBNB induces infringement by consumers and advertisers by encouraging them to use the GUI.  AIRBNB contributorily infringes by providing the GUI to consumers and advertisers.

Dkt. 20 at ¶¶ 17, 23.  In its Disclosure of Asserted Claims and Infringement Contentions

served on May 12, 2016, GEMSA specifically identifies and targets Amazon Web Services ("AWS") technology, alleging infringement via "the GUI, platforms, hardware, software, and algorithms used (including used by incorporation) for the operation, administration, and/or management of www.airbnb.com ('Website'). The Website's use of Amazon AWS is explained in Exhibits 1 and 2." Declaration of Bryan J. Sinclair ISO Motion of Customer Defendant Airbnb, Inc. to Stay, or in the Alternative, to Consolidate "Sinclair Decl."), Exh. A at 2.

The claim chart for the '400 patent alleges that the GUI "connects to a virtualized operating systems [*sic*] and databases run hosted [*sic*] by Amazon as is shown in the following charts." Sinclair Decl., Exh. C at 1. The claim chart then maps each and every limitation of the asserted claims to screenshots from the AWS website. Similarly, the '677 patent claim chart states that "AirBnB primarily operates on Amazon AWS EC2 platform…" and purports to map each claim limitation to the AWS website. Sinclair Decl., Exh. B. In short, Airbnb is a defendant in this case solely because it is an Amazon AWS customer.

On June 14, 2016, GEMSA filed suits against twenty new defendants in this Court, accusing each of infringement of the same Patents-in-Suit (the "Third Wave Cases").[1] In every complaint, GEMSA accuses the same AWS instrumentality it identified as infringing for Airbnb.

---

[1] *GEMSA v. Ericsson, Inc.*, 2:16-cv-00618; *GEMSA v. Johnson & Johnson USA, Inc.*, 2:16-cv-00619; *GEMSA v. Philips, Inc.*, 2:16-cv-00620; *GEMSA v. SAP America, Inc.*, 2:16-cv-00621; *GEMSA v. Siemens Corp.*, 2:16-cv-00622; *GEMSA v. The Nasdaq OMX Group, Inc. et al*, 2:16-cv-00623; *GEMSA v. Ticketleap.com, LLC et al.*, 2:16-cv-00624; *GEMSA v. Live Nation Entertainment, Inc. (d/b/a Ticketmaster, Inc.)*, 2:16-cv-00625; *GEMSA v. Ubisoft Studio, Inc. (d/b/a Ubisoft)*, 2:16-cv-00626; *GEMSA v. General Electric Company*, 2:16-cv-00627; *GEMSA v. McGraw Hill Financial, Inc. (d/b/a S&P Global and S&P Capital IQ)*, 2:16-cv-00628; *GEMSA v. Zynga, Inc.*, 2:16-cv-00629; *GEMSA v. Alcatel-Lucent, Inc.*, 2:16-cv-00630; *GEMSA v. Uber Technologies, Inc.*, 2:16-cv-00631; *GEMSA v. Artek Surfin Chemicals, Ltd. (d/b/a Galata Chemicals, LLC)*, 2:16-cv-00632; *GEMSA v. Netflix, Inc.*, 2:16-cv-00633; *GEMSA v. AdRoll, Inc.*, 2:16-cv-00634, *GEMSA v. Spotify USA, Inc.*, 2:16-cv-00635; *GEMSA v. Hitachi America, Ltd.*, 2:16-cv-00636; *GEMSA v. Zillow, Inc. et al*, 2:16-cv-00637

*See, e.g., GEMSA v. Zynga, Inc.*, No. 2-16-cv-00629 (E.D. Tex.), Dkt. 1 at ¶ 6 ("The use of http://www.zynga.com/, or one of its websites linked directly or indirectly thereto, and AWS infringes one or more claims of [the Patents-in-Suit]").

To protect its customers and defend its technology, on July 22, 2016, AWS and Vadata, Inc. ("Vadata") (which, along with AWS, provides the technology alleged to infringe GEMSA's patents) filed an action in the United States District Court for the Eastern District of Virginia seeking a declaratory judgment of non-infringement and invalidity of the same two patents GEMSA asserted against Airbnb and other Amazon customers in this district. *Amazon Web Services, Inc. et al v. GEMSA*, No. 3-16-cv-00619 (E.D. Va.), Dkt. 1.

Days after Amazon filed its declaratory judgment action against GEMSA in Virginia, GEMSA amended all of its complaints in each of the Third Wave Cases to add AWS and VADATA as additional defendants. *E.g., GEMSA v. Zynga, Inc.*, No. 2:16-cv-00629 (E.D. Tex.), Dkt. 5. At the same time, on July 27, 2016, GEMSA sued Amazon.com, Inc., Amazon Web Services, Inc., and Vadata Inc. for infringement of the Patents-in-Suit in the Eastern District of Texas.[2] *GEMSA v. Amazon.com, Inc. et al.*, Case No. 2:16-cv-00823-RWS-RSP (E.D. Tex.). On August 4, 2016, in every Third Wave Case, Amazon filed a motion to dismiss or alternatively transfer GEMSA's claims against Amazon under the first-to-file rule to the Eastern District of Virginia and to stay GEMSA's claims against the customer defendants, pending resolution of Amazon's direct declaratory judgment action in the Eastern District of Virginia that *only* involves Amazon and GEMSA. *E.g., GEMSA v. Zynga, Inc.*, No. 2:16-cv-00629 (E.D. Tex.), Dkt. 7. GEMSA filed its response on August 22, 2016, addressing Amazon's motion to dismiss or transfer but failed to raise any objections to, or arguments against, the motion to stay the suits

---

[2] GEMSA later voluntarily dismissed Amazon Web Services, Inc. and Vadata Inc. *GEMSA v. Amazon.com, Inc.*, Case No. 2:16-cv-00823 (E.D. Tex.), Dkt. 5.

against the AWS customer defendants. *E.g., GEMSA v. Zynga, Inc.*, No. 2:16-cv-00629 (E.D. Tex.), Dkt. 13.

## III. LEGAL STANDARD

### A. Customer and Manufacturer Suits

The customer suit exception "provides that, in certain patent cases, litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer" because of the "manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (internal citations omitted). Courts apply "the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum," thereby promoting efficiency and judicial economy. *Id*.

### B. Consolidation

Federal Rule of Civil Procedure 42 allows a court to consolidate actions "if [the] actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The district court has broad discretion in determining whether consolidation is desirable under Rule 42(a)," "especially when doing so will avoid unnecessary cost or delay." *Canal Barge Co. v. Tubal-Cain Marine Servs., Inc.*, No. CIV.A. 1:09-CV-533, 2009 WL 4723368, at *1 (E.D. Tex. Dec. 7, 2009).

## IV. ARGUMENT

### A. The Court Should Stay this Case Pending the Eastern District of Virginia Action Pursuant to the Customer Suit Exception

Amazon, as the developer, owner, and supplier of the accused technology, is the real party-in-interest with respect to GEMSA's infringement allegations against Airbnb and all other Amazon customers. *See, e.g.*, *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)

4

("in reality, the manufacturer is the true defendant in the customer suit . . . [because] a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.") (citation omitted). Determination of Amazon's liability (or lack thereof) in the Virginia action is a prerequisite to a finding of any Airbnb liability in this action as it is Airbnb's use of AWS that is the basis for all of the allegations of infringement. In situations such as these, the Federal Circuit instructs that cases against customer defendants must be stayed in favor of suits against the real source of the accused technology. *See, e.g.*, *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (ordering court to sever and stay customer defendant cases because "[supplier] Nintendo's liability is predicate to recovery from any of the [customer] defendants, [and thus] the case against Nintendo must proceed first, in any forum."); *In re Google*, 588 F. App'x 988, 991 (Fed. Cir. 2014) (directing court in this district to stay customer defendant cases in favor of declaratory judgment action filed in different forum by supplier Google Inc.).

For the same reasons, district courts throughout the country routinely stay customer suits pending resolution of direct actions between patentees and manufacturers/suppliers. *See, e.g.*, *Telebrands Corp. v. Nat'l Express, Inc.*, No. 12-6671, 2014 WL 4930897, at *6 (D.N.J. Oct. 2, 2014) (severing and staying claims against retailer defendants in favor of claims against manufacturers "in the interests of judicial economy and efficiency"); *Blue Spike, LLC v. Zeitera, LLC*, No. 14-cv-01648, 2014 WL 4310977, at *1 (N.D. Cal., Aug. 28, 2014) (granting stay as to customer, rejecting argument that accused customer product was "greater than the sum of its [supplier-provided] parts"); *Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-088, 2012 WL 2803695, at *3-4 (D. Del. July 10, 2012) (granting customer-suit stay); *Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 WL 6576861, at *1 (N.D. Ill. Dec. 13, 2013) (granting

customer-suit stay in favor of Adobe declaratory judgment action); *Select Retrieval, LLC v. L.L. Bean, Inc.*, No. 2:12-cv-00003, 2013 WL 1099754, at *1 (D. Me. Mar. 15, 2013) (same); *Capital Sec. Sys., Inc. v. NCR Corp.*, No. 14-cv-1516, 2015 WL 3819336, at *3 (N.D. Ga. Jun. 18, 2015) (customer suits "required to be stayed pending the resolution of the dispute between Plaintiff and [supplier]"); *Victaulic Co. v. Romar Supply, Inc.*, No. 13-cv-03788, 2015 WL 1257432, at *3 (N.D. Ga. Mar. 18, 2015) (same); *Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 14-cv-356, 2015 WL 10818739, at *1, *5 (W.D. Tex. Aug. 21, 2015) (severing and staying claims against Adobe customers based on their use and incorporation of Adobe software pending resolution of claims against Adobe); *Del. Radio Techs., LLC v. Beasley Broad. Grp., Inc.*, No. 13-1813, Dkt. 27 (D. Del. Jan. 7, 2015) (granting stay of cases against broadcasters pending resolution of declaratory judgment action brought by maker of HD radio software accused of infringement).

GEMSA's amended complaint and its infringement contentions make it absolutely clear that Amazon's technology is the sole basis of GEMSA's infringement case against Airbnb. It would be extremely inefficient and a substantial inconvenience on all parties to force Airbnb to defend against infringement allegations founded upon technology that it did not design or develop and that it does not operate or maintain particularly where litigating GEMSA's claims will require access to substantial sources of proof outside of Airbnb's custody or control. In fact, Airbnb has no direct access to any source code, system architecture documentation, engineering resources, or other critical technical information necessary to fully develop a defense to GEMSA's claims of infringement as all such information is within Amazon's exclusive custody and control.[3] Thus,

---

[3] On a related note, on June 7, 2016, GEMSA served a subpoena on Amazon. The subpoena did not seek source code, system architecture documents, or any technical documents, for that matter. Sinclair Decl., Exh. D. As such, none of the parties in this consolidated case have any

the customer suit exception dictates that the Court stay this case pending resolution of the Virginia action.

### B. In the Alternative, the Court Should Vacate the Docket Control Order in this Case and Consolidate this Case with the Third Wave Cases

Should the Court deny this motion to stay, judicial efficiency is best served by vacating the Docket Control Order ("DCO") in this consolidated case and consolidating this case with the Third Wave Cases to allow *all* of the Amazon customer defendants accused of infringing vis a vis their use of AWS to receive equal benefit of Amazon's defense to GEMSA's claims of infringement. Dkt. 37. "Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule CV–42(b) provide that a trial court may consolidate actions involving common questions of law or fact, especially when doing so will avoid unnecessary cost or delay." *Canal Barge Co.*, 2009 WL 4723368, at *1.

First, this case against Airbnb and the twenty Third Wave Cases all share the same plaintiff, Patents-in-Suit, and Amazon AWS accused instrumentalities. As explained above, AWS is the sole basis for GEMSA's infringement actions against Airbnb and the defendants in the Third Wave Cases. *See also Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, No. 6:11-CV-234 LED-JDL, 2012 WL 10816848, at *14 (E.D. Tex. May 30, 2012) (stating that "[t]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions" and granting consolidation because "the two actions at issue here involve the same Plaintiff, same patent, and overlapping instrumentalities"). It is clear that all Amazon customer cases involve common questions of both law and fact.

Second, because AWS is the only instrumentality at issue in the Airbnb case and in all of

---

technical documents or information from Amazon.

7

the Third Wave Cases, all parties will share noninfringement, as well as invalidity arguments and reap the common benefits of any determination of those issues. As such, efficiency for the Court and the parties is vastly improved by consolidation into one omnibus case. While this case is currently in the early process of claim construction; the parties have not yet submitted a Joint Claim Construction Statement to the Court pursuant to P.R. 4-3, nor have they substantially completed document productions and have only taken one deposition of a prior art fact witness. Moreover, GEMSA is a non-practicing entity that is not able to seek lost profits and will not have any claim of market share erosion as it will be limited to a reasonable royalty damages theory at trial. Thus, putting Airbnb on the same schedule as the Third Wave Cases will avoid any unnecessary cost or delay.

Therefore, in the event the Court allows this case to proceed, the Court should vacate the DCO in this case and consolidate it with the Third Wave Cases under Federal Rule of Civil Procedure 42(a).

## V. **CONCLUSION**

For the foregoing reasons and those set forth in the motions filed in the Third Wave Cases, Airbnb respectfully requests that the Court stay GEMSA's claims against Airbnb pending resolution of the declaratory judgment action between Amazon and GEMSA in the Eastern District of Virginia, or, in the alternative, vacate the DCO and consolidate this action with the Third Wave Cases.

Dated:  August 31, 2016

Respectfully submitted,

/s/ *Bryan J. Sinclair*
Bryan J. Sinclair, *admitted pro hac vice*
  California Bar No. 205885
  Bryan.sinclair@klgates.com
Audrey Lo, *admitted pro hac vice*
  California Bar No. 253738
  Audrey.Lo@klgates.com
**K&L Gates LLP**
630 Hansen Way
Palo Alto, CA 94304
Telephone (650)798-6700
Facsimile: (650) 798-6701

Jennifer Klein Ayers
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

**ATTORNEYS FOR DEFENDANT AIRBNB, INC.**

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(h), the undersigned certifies that prior to filing this motion, counsel for Airbnb conferred with counsel for Plaintiff. Based on that conference, counsel for Airbnb understands that Plaintiff opposes the requested stay.

/s/ *Bryan J. Sinclair*
Bryan J. Sinclair

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5(a)(3) on August 31, 2016.

/s/ *Bryan J. Sinclair*
Bryan J. Sinclair