UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPEDIA, INC. and EXPEDIA.COM,**<br><br>Defendants. | **Civil Action No. 2:16-cv-00095-RWS-RSP**<br>**LEAD CASE** |
| **GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPEDIA, INC. and TRIVAGO GMBH,**<br><br>Defendants. | **Civil Action No. 2:16-cv-00100-RWS-RSP** |

**PLAINTIFF'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
REGARDING DISMISSAL OF DEFENDANT TRIVAGO GMBH**

i

## I.   INTRODUCTION

The Complaint in this action was filed on January 29, 2016.  Defendant Trivago GmbH ("Trivago") is a company organized under the laws of Germany, has a place of business in Germany, and has resisted service.

Plaintiff diligently has made multiple attempts to serve Trivago and sought extensions of time for service. Plaintiff has incurred thousands of dollars in attempting service, excluding attorney fees.

By his December 2, 2016, Report and Recommendation,[1] the Magistrate Judge opined that Plaintiff had not established good cause for delay in service and recommended that Defendant Trivago be dismissed without prejudice.

Plaintiff objects to the Report and Recommendation because Plaintiff has shown that it has been diligent from the time of filing suit until the present in attempting to serve Defendant Trivago.

## II.   STANDARD OF REVIEW

When reviewing a Magistrate Judge's report, a District Judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b). The District Judge has discretion to "accept, reject, or modify" the recommended disposition made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

## III.   APPLICABLE DISMISSAL STANDARD

If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time.[2]  But if the plaintiff shows good cause for the failure, the court must extend the

---

[1] D.N. 223.
[2] Fed. R. Civ. P. 4(m).

time for service for an appropriate period.[3]

## IV. PLAINTIFF HAS SHOWN GOOD CAUSE FOR THE SERVICE FAILURE.

This action's Complaint was filed on January 29, 2016.[4] Defendant Trivago GmbH ("Trivago") is a company organized under the laws of Germany, has a place of business in Germany, and has resisted service.[5]

Plaintiff diligently has made multiple attempts to serve Trivago and sought extensions of time for service. First, service was attempted via The Hague Convention, but Plaintiff was informed on April 28, 2016, that the service was rejected by Germany under the Hague Convention because allegedly a patent matter cannot be served under the Hague Convention.[6]

In May of 2016, Plaintiff hired ABC Legal ("ABC") to serve Trivago letters rogatory. ABC informed counsel for Plaintiff in October of 2016 that it completed all steps necessary for service and that all documents for service were in a diplomatic pouch in Germany.[7] ABC was unsure when the diplomatic pouch would be delivered to Trivago and reiterated that it does not control the timing of the delivery of the diplomatic pouch by the German authorities.[8]

Plaintiff's counsel filed two motions for Enlargement of Time to Serve that culminated in an extension until December 1, 2016.[9]

As of December 1, 2016, the diplomatic pouch has not been delivered by the German authorities to Trivago, as far as Plaintiff is aware. However, ABC maintains that the diplomatic

---

[3] *Id.*
[4] D.N. 1.
[5] D.N. 221-1 at ¶ 2; D.N. 221 at ¶ 4.
[6] D.N. 221-1 at ¶ 3; D.N. 221 at ¶ 3.
[7] D.N. 221-1 at ¶ 4; D.N. 221 at ¶ 3.
[8] *Id.*
[9] D.N. 221-1 at ¶ 5; D.N. 221 at ¶ 3.

pouch will be delivered in the ordinary course of business.[10]

Plaintiff has expended more than $3,000.00 in hard costs attempting service to date, not counting the attorneys' fees.[11] Plaintiff has been diligent from the time of filing suit until the present in attempting to serve Defendant Trivago.[12]

Plaintiff requests an additional extension of time to serve Trivago through May 1, 2017.

Plaintiff accepts the fact that Defendant Trivago will not proceed with Lead Case *GEMSA v. Expedia, Inc. et al.,* cause number 2:16-cv-00095 and requests that the case proceed with later Lead Case *GEMSA v. Ericsson*, cause number 2:16-cv-00618.

Dismissing the case would only require Plaintiff to repeat the process already underway.

Any prejudice to Trivago for the extended time to serve is at least partially of its own making because it is resisting service.[13] On filing suit, Plaintiff sought Defendant Trivago to accept service.[14] When that was denied, Plaintiff sought service through the Hague Convention.[15] When Germany decided that a patent matter was not a commercial matter and refused to serve the documents, Plaintiff, in May of 2016, began the process of service presently underway, by letters rogatory.[16] The German authorities are in possession of all necessary documents to affect service.[17]

---

[10] D.N. 221-1 at ¶ 6; D.N. 221 at ¶ 3.
[11] D.N. 221-1 at ¶ 7; D.N. 221 at ¶ 3.
[12] *Id.*
[13] D.N. 221-1 at ¶ 11; D.N. 221 at ¶ 3.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

## V. CONCLUSION

Because Plaintiff has, through the present, diligently tried to serve foreign corporation Trivago, Plaintiff respectfully requests this Court enter an Order granting Plaintiff an extension of time to serve Defendant Trivago GmbH through May 1, 2017.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Laminack, Pirtle & Martines, LLP**

Buffy Martines
Texas Bar No. 24030311
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
(713) 292-2750
(713) 292-2755 (fax)
buffym@lpm-triallaw.com

**Attorneys for GEMSA**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, December 12, 2016, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III

4

William P. Ramey, III